UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN                    C L O S E D
SOUTHERN DIVISION


ALFONSON LEE NICHOLS, #184225,

        Petitioner,

v.                                              CASE NO. 08-12298
                                            HONORABLE ANNA DIGGS TAYLOR

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION,
GRANTING IN PART A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Petitioner Alfonson Lee Nichols is a state prisoner at Saginaw Correctional Facility in Freeland, Michigan. He has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.

Petitioner was charged in Wayne County, Michigan with armed robbery and assault with intent to do great bodily harm less than murder. The facts leading to these charges have been summarized as follows:

> On 1-7-06, at approximately 5:40 p.m., the complainant, Ezra Nero, was in Detroit MI. The complainant stated that the defendant, Alfonso (sic) Nichols, came to him earlier in the day to borrow $20.00. The complainant gave the defendant the money. The defendant returned again on the same day to borrow [twenty] more dollars. The complainant refused to give the defendant the money and turned to walk to his desk when the defendant picked up a hammer that was lying on the table and struck the complainant in the head four times, knocking him to the ground. The defendant continued to attempt to strike the complainant while the complainant was attempting to fight off the defendant. The defendant hit the complainant in his left hand with the hammer, breaking his index finger and fracturing his left thumb. The defendant then took an envelope containing $1,980.00 cash and a $150.00 check from the complainant's right rear pocket. The defendant then fled the scene on foot.

*See* Petitioner's Delayed Application for Leave to Appeal in *People v. Nichols*, Michigan Court of Appeals number 274362, at 4 (quoting page 2 of the presentence report).

In an unrelated case, Petitioner was charged with bank robbery.  On May 25, 2006, he pleaded no contest to armed robbery, MICH. COMP. LAWS § 750.529, and assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84.  In return, the prosecutor agreed to dismiss the bank robbery case.  The parties agreed that Petitioner would pay restitution and that he would be sentenced within the State's sentencing guidelines.  Although the sentencing guidelines range was not mentioned during the plea hearing, the Settlement Offer and Notice of Acceptance, which Petitioner and his attorney signed on the day of the plea, stated that the guidelines score was 108 to 270.

At Petitioner's sentencing, the prosecutor confirmed that the sentencing guidelines range for Petitioner's minimum sentence was 108 to 270 months (nine to twenty-seven and a half years).  Defense counsel agreed that the sentencing guidelines were accurately scored, and he asked the trial court to sentence Petitioner at the low end of the guidelines range.  When the trial court asked Petitioner whether he had anything to say, Petitioner asked for permission to withdraw his plea on the basis that his attorney had promised him some things that he did not receive.  He claimed that the paper which his attorney had shown to him indicated that the sentencing guidelines range was something other than what the attorney had previously said it was.  The trial court denied Petitioner's request to withdraw his plea and then sentenced Petitioner to eighteen to forty years in prison for the armed robbery and to a concurrent term of four to ten years for the assault.  The armed robbery case was dismissed.

Petitioner subsequently filed a motion to withdraw his plea or for resentencing.  He

challenged the scoring of the sentencing guidelines and alleged that defense counsel had said the sentencing guidelines would be six to ten years. The trial court held a hearing and denied the motion. The Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal for "lack of merit in the grounds presented." *People v. Nichols*, No. 274362 (Mich. Ct. App. Dec. 14, 2006). On May 30, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Nichols,* No. 133151 (Mich. Sup. Ct. 2007).

Petitioner filed his habeas corpus petition on May 28, 2008. He claims that (1) his no-contest plea was not entered knowingly and voluntarily or with competent advice from counsel and (2) his sentence was based on inaccurate information. Respondent asserts in an answer to the habeas petition that Petitioner's claims are unexhausted and waived, not cognizable on habeas review, or without merit.

The doctrine of exhaustion of state remedies is not a jurisdictional requirement, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), and the Court has found no merit in Petitioner's claims. The Court therefore will excuse the alleged failure to exhaust state remedies and will proceed to review Petitioner's claims, using the following standard of review.

## II. STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, "§ 2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III. DISCUSSION

**A. The Plea**

Petitioner claims that his trial attorney was ineffective for misinforming him about the sentence that he would receive. As a result, alleges Petitioner, his plea was not entered knowingly and voluntarily and the trial court deprived him of due process by not permitting him to withdraw his plea.

### 1. Clearly Established Federal Law

A guilty or no-contest plea constitutes a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Therefore, the plea must be a voluntary, knowing, and intelligent act, which is "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). "[F]or a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea," *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) (citing *Brady*, 397 U.S. at 755), including "the maximum sentence that could be imposed," *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991)).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "the representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

To prevail on a claim that defense counsel was ineffective, a habeas petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the

defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59.

### 2. Application

The sentencing guidelines range in this case was scored at nine to twenty-two and a half years. Petitioner contends that his trial attorney falsely promised him that his sentencing guidelines score would be six to ten years. However, the Settlement Offer and Notice of Acceptance clearly indicated that the sentencing guidelines range was 108 to 270 months or nine to twenty-two and a half years.

Furthermore, Petitioner claimed at the plea hearing that no one had promised him anything other than what was stated on the record. He also claimed that no one had forced him, influenced him, or pressured him in any way to induce him to plead no contest. (Tr. May 25, 2006, at 3-4.) Petitioner's unequivocal allocation at the plea contradict his contention that his plea was involuntary or unknowing. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). He was informed of the maximum possible sentences for the crimes, and he claimed that he was not promised anything other than what was stated in the plea agreement. Thus, his claim that his plea was involuntary and unknowing lacks merit.

Petitioner's ineffectiveness claim likewise lacks merit. Defense counsel stated at the sentence hearing that he had reviewed the Settlement Offer and Notice of Acceptance with

Petitioner at the time and that Petitioner had said he understood it. (Tr. June 8, 2006, at 4-5.) Even if defense counsel initially misinformed Petitioner of the correct sentencing guidelines range, the Settlement Offer and Notice of Acceptance stated the correct sentencing guidelines range. Defense counsel's allegedly deficient performance could not have affected the outcome of the plea process, given the correct notation about the sentencing guidelines range on the Settlement Offer.

### B. The Sentence

Petitioner's second and final claim alleges that the trial court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by relying on inaccurate information when sentencing him. Specifically, Petitioner contends that offense variables 4 and 10 of the Michigan sentencing guidelines were inaccurately scored.

The contention that the state court misinterpreted the state sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines fails to state a cognizable claim for which habeas relief may be granted. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam* opinion)). To prevail on a claim that the trial court violated his constitutional rights, Petitioner must show that the trial court sentenced him on the basis of "extensively and materially false"

information, which he had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

### 1. Offense Variable 4

Petitioner alleges that he was incorrectly scored ten points under offense variable 4. Sentencing courts may score offense variable 4 at ten points if the victim suffered serious psychological injury, which may require professional treatment. MICH. COMP. LAWS § 777.34(2). "[T]he fact that treatment has not been sought is not conclusive." *Id*.

Petitioner was scored ten points for offense variable 4 because the complainant informed the presentence investigator that he was afraid to reach out and help people after the robbery and assault. The trial court noted at the post-conviction hearing that the complainant was a pastor whose job was to reach out to people in need. Under the circumstances, the trial court stated that, being afraid to reach out and help someone was "crippling." The trial court scored offense variable 4 at ten points because the court thought the complainant was likely to need counseling or assistance to enable him to resume his ministry. (Tr. Oct. 13, 2006, at 4.) This Court concludes that offense variable 4 was not scored on the basis of false information.

### 2. Offense Variable 10

Petitioner states that he should not have been scored ten points for offense variable 10 because he did not exploit the elderly victim's age or any disability. He maintains that his choice of a victim was not based on age, but on the fact that the victim had been a prior source of money and was a "do-gooder."

Offense variable 10 measures exploitation of a vulnerable victim. *See* MICH. COMP. LAWS § 777.40. Ten points may be scored for exploiting "a victim's physical disability, mental

disability, youth or agedness . . . ." MICH. COMP. LAWS § 777.40(1)(b). "'Exploit' means to manipulate a victim for selfish or unethical purposes." MICH. COMP. LAWS § 777.40(3)(b).

The trial court stated at the hearing on Petitioner's post-conviction motion that, oftentimes, age comes into play when a criminal chooses his target. The court said that there is a greater degree of malevolence in selecting a victim weaker than oneself than there is in selecting a victim like Mike Tyson or a middle linebacker for the Chicago Bears. The trial court concluded that the complainant was assaulted because of his age and physical strength, as compared to Petitioner, and not just because he was a prior source of money and help. (Tr. Oct. 13, 2006, at 2-3 and 5.) This was a rational basis for scoring offense variable 10 at ten points. Defense counsel, in fact, agreed that most people would not attempt to attack Mike Tyson and, if they did, they would do it from behind. (*Id*. at 3.)

### 3. Summary

Petitioner has failed to show that the trial court sentenced him on the basis of "extensively and materially false" information, which he had no opportunity to correct. Therefore, his constitutional argument under *Townsend* fails to state a claim for which habeas relief may be granted.

## IV. CONCLUSION

The state appellate court's conclusion that Petitioner's claims lacked merit did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Therefore, the petition for a writ of habeas corpus [Dkt. 1] is **DENIED**.

Reasonable jurists, however, could debate the Court's resolution of Petitioner's claim that his plea was not voluntary and knowing. The Court therefore **GRANTS** a certificate of

appealability on Petitioner's first claim. The Court declines to issue a certificate of appealability on the second claim because reasonable jurists would not debate the Court's assessment of Petitioner's challenge to his sentence. Petitioner may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3).

DATED:  April 2, 2009                              s/Anna Diggs Taylor
                                                   ANNA DIGGS TAYLOR
                                                   UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Opinion and Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 2, 2009.

Alfonson Nichols, #184225
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

                                                   s/Johnetta M. Curry-Williams
                                                   Case Manager